MEMORANDUM **
Michael Cremin appeals the district court’s entry of judgment in favor of the McKesson Corporation Employees’ Long Term Disability Plan (the “Plan”) and Liberty Life Assurance Company of Boston (“Liberty”) in his action for long-term disability benefits under the Employee Retirement Income Security Act of 1974. The district court held that Cremin had not established his eligibility for benefits under the terms of the Plan and upheld Liberty’s decision as plan administrator to terminate his benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Background
Liberty terminated Cremin’s long-term disability benefits in 2002 and completed an administrative appeal affirming its decision later that year. Cremin then filed an action in the district court seeking reinstatement of benefits, and the district court remanded to Liberty for additional factual investigation. Liberty completed a supplemental investigation and again upheld its denial. Cremin then filed the present action. He contends that by refusing to provide him with a new administrative appeal after its decision on remand from the district court, Liberty denied him a “full and fair review” of his claim as required by 29 U.S.C. § 1133(2) (2006), and defined by 29 C.F.R. § 2560.503-1(g)(1) (1998). He also contends that the Plan documents do not establish that Liberty had discretionary authority to interpret the plan and make benefits decisions. Therefore, Cremin contends, the district court should have applied de novo review *190 instead of the abuse of discretion standard recently articulated by the Supreme Court. See Metro. Life Ins. Co. v. Glenn, — U.S. —, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).
Discussion
The issues Cremin now raises on appeal, however, were not raised before the district court “sufficiently for the trial court to rule on” them. Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996). Therefore, they have been waived and we affirm the district court without reaching their merits. Id.
Even if we were to consider Cremin’s claims, however, we would conclude that both lack merit. Neither the plain language of 29 U.S.C. § 1133(2), requiring Liberty to provide Cremin with a “full and fair review” of his claim, nor the explanatory regulation, 29 C.F.R. § 2560.503-1(g)(1), supports his contention that he was entitled to a new administrative appeal of Liberty’s decision on remand from the district court. Cremin has not cited any case law supporting this assertion. Liberty has provided more than ample opportunities for Cremin’s claim to be reviewed.
Cremin provides no evidence in support of his other allegation that the documents in the administrative record are insufficient to establish that the Plan delegated discretion to Liberty. He merely speculates that the documents in the administrative record are possibly drafts that were never adopted at all. All of the evidence in the record, however, supports the finding that the Plan delegated its discretionary authority to Liberty. Cremin did not raise any objections to that evidence before the district court. Furthermore, Cremin conceded in his first action in 2004 that Liberty had discretionary authority to interpret the Plan. The district court did not abuse its discretion in finding that Liberty had such authority. Having so found, the district court applied the proper standard of review.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.